UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARMAINE W. BROWNING,

        Petitioner,

vs.

        Criminal Case No. 07-20427
        Civil Case No. 12-10459
        HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER DENYING 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AS TIME BARRED UNDER § 2255(F)

Before the court is petitioner's 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence, filed on or about January 28, 2012. Petitioner asserts claims of ineffective assistance of trial and appellate counsel related to his sentence and ineffective assistance of trial counsel for failure to file a motion to suppress.

On December 13, 2007, a jury convicted petitioner of violating 18 U.S.C. § 922(g); Felon in Possession of a Firearm. When petitioner failed to appear at the March 20, 2008 sentencing hearing, this court issued a bench warrant for his arrest. The government also indicted petitioner for failure to appear, 18 U.S.C. § 3146(a)(1). Petitioner pled guilty to the charge for failure to appear, which was consolidated with the firearm conviction for sentencing. This court sentenced petitioner to 151 months imprisonment.

Rule 4(b) of the Rules Governing Section 2255 Proceedings states that: "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Upon

review of petitioner's motion, the court concludes that it plainly appears petitioner is not entitled to relief because his motion is untimely under § 2255(f) and he has not demonstrated he is entitled to equitable tolling. Section 2255(f) states as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, "the date on which the judgment of conviction becomes final" is the date that petitioner's one year limitation period began to run. A conviction becomes final at the conclusion of direct review. See Johnson v. United States, 246 F. 3d 655, 657 (6th Cir. 2001). Petitioner's judgment was entered on September 18, 2008. Petitioner filed a direct appeal of his conviction and sentence, and the United States Court of Appeals for the Sixth Circuit affirmed petitioner's conviction and sentence on May 21, 2010. Petitioner did not petition for a writ of certiorari with the United States Supreme Court. Therefore, his conviction became final when the time for filing the certiorari petition expired, or ninety days after entry of the appellate court's May 21, 2010 decision affirming his conviction. See Clay v. United States, 537 U.S. 522, 525 (2003). Thus, petitioner's conviction became final on August 20, 2010. Petitioner was required to file his motion to vacate, set aside, or correct sentence on or before August 20, 2011. Thus, petitioner's January 28, 2012 § 2255 motion

is untimely.

The one-year statute of limitations under § 2255(f) is subject to equitable tolling. See Dunlap v. United States, 250 F. 3d 1001, 1007 (6th Cir. 2001). A petitioner seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner acknowledges that his motion is untimely but argues that he should be afforded the benefit of equitable tolling. In his motion, petitioner asserts that another inmate informed him in May of 2011 that the limitations period had already expired, and petitioner did not learn that this information was incorrect until November of 2011. Near the time that petitioner learned of the correct deadline to file his motion, the prison was placed on lockdown due to a "severe riot between the staff and inmates" preventing petitioner from accessing the law library to prepare his motion.

Petitioner has not established that he has been pursuing his rights diligently, or that some extraordinary circumstance prevented him from timely filing the present motion. The fact that petitioner is untrained in the law and was unaware of the date that the one year statute of limitations began to run does not warrant equitable tolling. See Allen v. Yukins, 366 F. 3d 396, 403 (6th Cir. 2004) (ignorance of the law insufficient to warrant equitable tolling). Further, the November 2011 prison lockdown does not support the application of equitable tolling because petitioner's motion was untimely as of August 21, 2011. Furthermore, even if the prison lockdown occurred prior to the expiration of the one year statute of limitations, this would not entitle petitioner to equitable tolling. Prison lockdowns are not considered extraordinary circumstances warranting application of equitable tolling.

See United States v. Cherry, No. 04-90040, 2011 U.S. Dist. LEXIS 107976, *4-6 (E.D. Mich. Oct. 8, 2010) (citing Akins v. United States, 204 F. 3d 1086, 1089-90 (11th Cir. 2000)). Petitioner's motion to vacate, set aside, or correct sentence is therefore denied as untimely.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir.1997). If a § 2255 motion is denied on procedural grounds without reaching the underlying merits, a certificate of appealability should issue if the movant shows that jurists of reason would find it debatable whether the motion states a valid claim and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 478 (2000). Petitioner has not demonstrated that jurists of reason would find it debatable that his claims are valid, or that this court's procedural ruling is correct.

Accordingly,

Petitioner's motion to vacate, set aside or correct sentence [#44] is DENIED.

Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255

[Case No. 12-10459] is DISMISSED with prejudice. A certificate of appealability shall not issue.

SO ORDERED.

Dated: February 8, 2012

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 8, 2012, by electronic and/or ordinary mail and also to Darmaine W. Browning at Pekin Federal Correctional Institution, P.O. Box 5000, Pekin, IL 61555

S/Josephine Chaffee
Deputy Clerk