UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARMAINE W. BROWNING,

        Petitioner,        CRIMINAL CASE NO. 2:07-20427
                                     CIVIL CASE No. 12-10459
v.
                                       HONORABLE GEORGE CARAM STEEH
UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S RULE 59(e) MOTION (Doc.51)

      Petitioner Darmaine Browning filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence on January 28, 2012. On February 8, 2012, this court denied his § 2255 motion on the grounds that it was time-barred under 28 U.S.C. § 2255(f) and rejected Browning's argument that equitable tolling saved his motion from dismissal. On April 19, 2013, Browning filed a motion to amend or alter the order dismissing his § 2255 petition under Fed. R. Civ. P. 59(e), (Doc. 48) and a motion for relief from judgment under Fed. R. Civ. P. 60 (b) (Doc. 49), reiterating his arguments that equitable tolling should save his petition from being time barred. On May 1, 2013, this court denied petitioner's motions and again rejected his argument that equitable tolling saved his petition from dismissal. (Doc. 50). On May 13, 2013, petitioner filed another Rule 59(e) motion, this time to amend the court's May 1, 2013 decision, once again arguing that equitable tolling applies because the prison where he was housed was on lock down for several weeks, he was transferred prisons and therefore was without his legal papers for several weeks, and that he had filed

-1-

a motion for extension of time to file his petition with the Court of Appeals for the Sixth Circuit prior to the deadline for filing his motion to vacate sentence.

This court has twice considered the arguments made in petitioner's latest motion and found them to be without merit. Petitioner has not shown that he diligently pursued his rights where he had one year to file his petition, from August 19, 2010 until August 19, 2011, so any temporary lockdown of several weeks would not have prevented petitioner from many months to work diligently on his motion and to file it. See United States v. Cherry, No. 04-90040, 2010 WL 3958679, at *2 (E.D. Mich. Oct. 8, 2010) (Battani, J.) (collecting cases that prison lockdowns, transfers, and lack of access to legal materials are not considered extraordinary circumstances warranting tolling of AEDPA's one-year statute of limitations). Because petitioner has not shown any basis for equitable tolling, the fact that he may have requested a time extension for filing his § 2255 petition in the Court of Appeals for the Sixth Circuit is of no consequence. Having failed to show that he has diligently pursued his rights or that some extraordinary circumstances stood in his way which would justify the tolling of the statute of limitations period, Brownings' Rule 59(e) motion to alter or amend (Doc. 51) this court's May 1, 2013 order denying his previously filed Rule 59(e) and Rule 60(b)(6) motions hereby is DENIED.

IT IS SO ORDERED.

Dated: May 21, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 21, 2013, by electronic and/or ordinary mail and also on Darmaine Wendell Browning #41906-039, Pekin Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 5000, Pekin, IL 61555.

s/Barbara Radke
Deputy Clerk